UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STEVEN W. GANT,                                                    No. 04-12466

                                Debtor(s).
_____/

TIMOTHY HOFFMAN, Trustee,

                                Plaintiff(s),

        v.                                                                      A.P. No. 05-1049

STEVEN W. GANT,

                                Defendant(s).
_____/

Memorandum on Cross-Motions for Summary Judgment
_____

       The facts in this adversary proceeding are not contested. Debtor Steven Gant is one of two former partners of Consumer Direct Solutions, a wine shipping business. On September 1, 2003, the partnership sold it business. As part of the sale, Gant received 217,500 options to purchase shares of the buyer. He also received an additional 4,000 options some time in October, 2004. He filed his Chapter 7 petition on October 18, 2004.

       The sale agreement provided that Gant would become an employee of the purchaser. Under the

1

terms of the option agreement, the options would not vest until a future date and then only if Gant were still an employee and certain volumes of business were achieved. However, the agreement also provided for immediate exercise, regardless of vesting, if the purchaser entered into a merger agreement.

Gant continued on as an employee of the purchaser. On November 6, 2004 (just 19 days after Gant filed his petition), the purchaser informed Gant of its agreement to merger.[1] The options were automatically exercise and Gant received $94,122,74 on their account. The dispute now before the court is whether these funds belong to Gant or the bankruptcy estate.

Gant's legal argument, that the funds are his because the options were not vested on the date of his filing, is based on a small minority and is not the law in this circuit. Ownership of the option proceeds does not turn on vesting, but rather whether the options were sufficiently rooted in the pre-bankruptcy past. *In re Ryerson*, 739 F.2d 1423 1426 (9th Cir. 1984). Even unvested stock options are considered a present contingent interest and are property of the bankruptcy estate even if subject to a contingency such as continued employment. *In re Dibiase,* 270 B.R. 673, 681 (Bkrtcy.W.D.Tex. 2001). See also *In re Marriage of Brown* (1976) 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 [unvested pension right constitutes community asset although contingent]; *In re Marriage of Harrison* (1986) 179 Cal.App.3d 1216, 1226, 225 Cal.Rptr. 234 [stock options are community asset although exercisable in the future]. When continuing employment is a condition of vesting, a pro rata allocation must be made between value which existed on the petition date and value created by postpetition work; the latter belongs to the debtor, but the former is property of the bankruptcy estate. *In re Wick*, 276 F.3d 412, 416 (8th Cir. 2002); *In re Allen*, 226 B.R. 857, 867 (Bkrtcy.N.D.Ill.1998).

Since the options suddenly had value just 19 days after Gant filed his bankruptcy petition, it is unlikely that very much of anything is attributable to Gant's postpetition employment. Moreover, if the

---

[1] Gant's declaration is vague as to the nature of this notice, and he does not state whether he knew about the merger prior to his bankruptcy. These facts are not important as to the Trustee's motion, but might preclude granting of Gant's motion.

2

evidence shows that Gant knew of the merger when he filed his petition then all of the proceeds might be property of the estate. These issues will need to be resolved at trial.

For the foregoing reasons, Gant's motion for summary judgment will be denied and the Trustee's motion will be partially granted, in that it will be deemed without substantial controversy that all of the options proceeds are property of the estate except those which the court determines after trial are attributable to Gant's postpetition employment.[2] Counsel for the Trustee shall submit an appropriate form of order.

Dated: August 26, 2005

                                          Alan Jaroslovsky
                                          U.S. Bankruptcy Judge

---

[2] Gant's rate of compensation is an important factor. If his pay was $1 a week, then he has a pretty good case for arguing that he is entitled to 19 days' worth of reasonable compensation from the option proceeds. On the other hand, if his pay was comparable to normal wages for a person in his position, his right to any of the option proceeds is scant.

3